# Maltby & Bolls,  for  the  use  of  Wheatley  *vs.* Cooper.

Morris.
1m 59
108   698

### *Error to Desmoines.*

Where *actions on the case* are mentioned in general terms, *assumpsit* is included.
Statutes of limitations may be made to take effect on antecedent contracts.
By our statute, five years are sufficient to bar an action of  assumpsit, on a promissory note—though in an action of  debt, six is required.
The legislature has power to  pass such a law, to operate on cases  where five years shall have already elapsed.

Cooper had given three promissory notes to Maltby & Bolls, which were due in 1833.    The statute of limitations had been running in relation to them between five and six  years, when an  action of assumpsit was brought thereon.    The statute of limitations was pleaded, to which there was a general demurrer, which was overruled by the court.

WILLIAM H. STARR, for plaintiff in error, argued:

1. That the  act of the legislature of Iowa, approved January 25, 1839, could not be so applied to this  case as to limit the time of bringing suit to five years, inasmuch as five years had already elapsed when the statute was passed.

2. That the same act should not be so construed as to allow a writ to be brought on a  promissory note, in one form of action, at  any time within six years, and in another form of action limit it to five years.

3. That even if five years had not already elapsed, it would be giving a retrospective operation to the statute to apply the five year rule *to* this case.

RORER, contra, cited Lord vs. Sheldon, 3 Cond. Rep. 131—3 Peters, 378—11 Wheat.  316, and  361—6 Am. Com. Law 477  and 496—3

Bing. 329—11 Eng. Com. Law, 124-5-6—3 Wheat. 541—9 Serg. & Rawle 288—2 Rand. Rep. 303—13 East 439—2 Mass 84—5 Jones 132 —3 Johns. 263—Comyn on Contracts 68—2 Hen. and Mumford 289— 6 Mass. 328—1 Wheat. 292—3 Conn. 398—3 McCord 455—7 McCord 139.

BY THE COURT, MASON, CHIEF JUSTICE.—This was an action of assumpsit, brought upon three promissory notes, given by the defendant to the plaintiffs, dated at New York in the autumn of 1832, and payable at the U. S. Branch Bank at Louisville, Kentucky, at different times in the year 1833. The defendant pleaded the statute of limitations for his fourth plea, averring that the causes of action did not accrue within five years next before the commencement of this suit. To this plea there was a general demurrer and joinder. The court overruled the demurrer, and gave judgment for the defendant; and the plaintiff brought his writ of error to reverse that decision.

The first inquiry will be, as to whether five years is the period of limitation fixed by our statute for actions of this nature. The first section of the act in relation to the limitation of actions, passed January 25, 1839, (and which was in force when this suit was brought,) declares, "that all actions of trespass, detinue, trover and replevin, for taking away goods and chattels, all actions for the arrearages of rent due on a parol demise, and all action of account and on the case, except actions for slander and malicious prosecution, &c., shall be commenced within five years, next after the cause of actions shall have accrued, and not after." The fourth section of the same act fixes six years as the period of limitation for actions of debt, founded upon a promissory note, &c. The question, therefore, will turn upon the fact as to whether the first or fourth section is to govern this case. Does an " action upon the case," mentioned in the first section, embrace the action of assumpsit? It is true that when we speak of actions upon the case, we are generally understood to mean actions founded upon torts ; but it is also true, that assumpsit is also a species of action on the case.

To arrive at a satisfactory conclusion in this case therefore, it may be well to refer to the English statute on this subject—which is the basis of our own—and to the construction which has invariably been placed upon the former. That statute makes no mention of the action of assumpsit, but speaks of actions on the case, and in other respects makes nearly the same enumeration as is to be found in the first section of our statute. The courts in England have, however, held, that the action of

assumpsit is therein included. Under these circumstances, our own legislature in following the phraseology of the English statute, must be presumed to have regulated their intentions in accordance with the English decisions. This would be the only safe rule in relation to the meaning of terms in legal enactments.

But it is contended, that although this might have been the intention of the legislature, they have no power to pass a statute of this nature, that shall operate upon the present case; for that the five year limitation had already expired when this statute was enacted (although from the defendant's having been absent from the territory during a portion of the time, six years had not then elapsed.)

The legislature certainly could not by statute impair the obligations of a contract; still, it is well settled, that even in relation to antecedent contracts, it is competent for them to change the remedies by which those contracts are to be enforced. We are not aware that any limit has been placed to the exercise of this power, except the good sense and discretion of the legislators, themselves.

Statutes of limitation relate to the remedy, and not to the substance of the contract. They seem to be merely a rule of evidence, creating a legal presumption of payment, after a particular lapse of time. Sturges vs. Crowninshield, 4 Wheaton. They may therefore be made to operate upon prior contracts, without impairing their obligation.

It is urged however, that to give the statute force in the present case, would be to take away the remedy altogether; and that this would be very different from merely changing that remedy. But, is this true? The plaintiff might have brought the action of debt, and then the period of limitation would have been *six* years, the same as under the old law. The case seems to be this: Our former statute, in accordance with the law of England, as well as with that of most of the States of the Union, fixed the period of limitation to all actions on promissory notes at six years. To the operation of such a law therefore, the plaintiff could not object. The new statute of the territory, gave the creditor the same length of time as before, provided he brought the action of *debt*, but limited the term to five years in case the action were *assumpsit*. Now, we regard it as perfectly within the power of the legislature, to abolish the action of assumpsit altogether, or they can prohibit a resort thereto for the collection of promissory notes. Or, finally they may declare that the action of assumpsit shall not be brought on a promissory note after the lapse of one, two, three, four or five years from the time the cause of action shall have accrued. And provided a method is still

left by which the holder of such note may bring suit thereon within the period formerly limited by statute, certainly the remedy cannot be said to be taken away altogether. Such is the case in the present instance. A remedy abundantly sufficient is still left the plaintiff, and the period of limitation is not even curtailed.

There is no weight in the objection, that the legislature cannot limit the period for bringing assumpsit to five years, and, for the same cause of action, extend it to six, in case the action be debt. Although we do not fully comprehend the reason for such a distinction, still we think it a matter left wholly to the wisdom and discretion of the legislature.

The judgment below will therefore be affirmed.